By the Court.-—O’Gorman, J.
—The action was brought to recover possession of certain goods valued at $1,300, taken from the possession of the plaintiff by the defendant.
On October 18, 1880, Sigismund Philip and Rudolph Tóense, then copartners in business under the name of “ Sgm. Philip & Tóense,” executed and delivered to the plaintiff an assignment in writing of all their copartnership and individual estate in trust for the benefit of their creditors. The plaintiff thereupon took possession of the property assigned. On October 22, 1880, the defendant seized some of said property, claiming the right so to do as sheriff, and held same by virtue of warrants of attachment duly issued on the applications of various creditors of the firm, and dated respectively October 22, 23 and 25. The defendant claims that the assignment to plaintiff was made with intent to hinder, delay, and defraud the creditors of said assignors. The jury rendered a verdict for the defendant.
The plaintiff’s counsel moved on the minutes of the court to set aside the verdict, and for a new trial on the exceptions, and because the verdict was contrary to law and the evidence. This motion was denied. ,
Among the exceptions taken by the plaintiff’s counsel, the following seem chiefly worthy of notice. Testimony was duly offered on behalf of the plaintiff to prove that at a meeting held by the creditors of the assignors, soon after the assignment, at which meeting the attaching creditors were present, they unanimously passed a resohition requesting the plaintiff to go on as assignee, and the plaintiff on being informed that such was the result of the meeting consented to go on as assignee. This offer and testimony were excluded by the court,- as immaterial and incompetent.
Inasmuch as the defendant’s justification for the taking of the property in question depends on the truth of his allegation that the assignment to the plaintiff was made with intent to hinder, delay and defraud the creditors, and that therefore no title to the said goods became vested in the *133 plaintiff, the fact that the creditors, including those who had attached, unanimously requested the plaintiff to continue as assignee, might raise a question proper for the jury to consider whether these creditors had not thereby waived their claims to priority under their attachments—acquiesced in the assignment and elected to take their chances with the other creditors in the distribution as contemplated by the assignment.
On November 3, 1880, Rudolph Tóense, one of the assignors, made an affidavit describing the conduct of the business of the assignors for some time before the assignment. There is no evidence that any undue influence was used to induce him to make this affidavit, or that he was an unwilling witness at the trial or in any way hostile to the defendant, on whose behalf he was examined. In the course of his direct examination, he was interrogated by the counsel for the defense thus: “Do you recollect to have sworn that piece goods were sold at auction at your house?” This question was objected to, and allowed; and plaintiff’s counsel duly excepted. A paper was then shown to witness and he said: “ That is my signature; I don’t know whether or not it was on that day (November 3,1880), but I know I have sworn to an affidavit.” Thereupon the defendant’s counsel proceeded to question the witness in this manner: “Did you not on that day swear that, from your own knowledge, said Philip bought goods on credit, etc.?” To this question, and others in a similar form, the witness answered thus: “I swore my statement was true. ‘ That was done.’ c That statement was true, etc.’ ”
This mode of examining a witness is for many reasons objectionable. It is, in effect, putting in evidence the affidavit of the witness, and his declarations, made more than a year previous to the trial, in place of his direct oral statement to the jury of his present recollection of the facts.
There was no attempt to show that his memory of these facts was defective and needed refreshment; nor does it appear that the affidavit was presented to the witness and read by him for the purpose of aiding his memory, so that *134 thus aided, it could of itself recall the events in question. Paragraph after paragraph was read out to him, and he was asked: Did you not swear that, and if you did, was the statement true % ”
This is not the best evidence, nor is it a safe or proper way of endeavoring to elicit the truth. The natural indisposition of one who had sworn to an affidavit to contradict it on the witness stand, was an influence tending to hinder the free, full, and open disclosure of the truth, and although th.e witness was subject to cross-examination,' yet his testimony so elicited by counsel for the defendant is not free from suspicion, and it is impossible to say what effect it may have produced on the jury. .Such a practice is wrong and should be discouraged.
Judgment reversed, with costs, and order appealed from reversed, with $10 costs.